FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:18-CV-00225-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 15. Attorney Dana C. Madsen represents Julie S. (Plaintiff); Special Assistant United States Attorney Jacob P. Phillips represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES,** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING DEFENDANT'S MOTION - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on August 26, 2015, Tr. 67, alleging disability since January of 2004, Tr. 170, due to a back injury, ankylosing spondylitis, degenerative disc disease, bone spurs in her back, spinal stenosis, nerve damage in her legs and feet, chronic pain, and fibromyalgia, Tr. 209. The application was denied initially and upon reconsideration. Tr. 95-103, 107-13. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on May 18, 2017 and heard testimony from Plaintiff, medical expert Lynn Jahnke, M.D., and vocational expert Sharon F. Welter. Tr. 40-66. At the hearing, Plaintiff amended her date of onset to the date of application, August 26, 2015. Tr. 45. The ALJ issued an unfavorable decision on July 25, 2017. Tr. 20-31. The Appeals Council denied review on May 24, 2018. Tr. 1-3. The ALJ's July 25, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on July 17, 2018. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 44 years old at the date of application. Tr. 169. She reported that she completed one year of college in 2004. Tr. 210. Her reported work history includes jobs in assembly, as a cashier, as a custodian and in customer service. Tr. 192, 211. When applying for benefits Plaintiff reported that she stopped working on January 1, 2004 because of her conditions. Tr. 210.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the

national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, she is found "disabled". 20 C.F.R. § 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On July 25, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from August 26, 2015 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 26, 2015, the date of application. Tr. 22.

At step two, the ALJ determined that Plaintiff had the following severe impairment: degenerative disc disease of the lumbar spine. Tr. 22.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of sedentary work with the following limitations:

> Specifically, standing and walking are limited to one hour at a time and for no more than four hours per day (which is actually less limiting/restrictive than the requirements for sedentary work), and the claimant would need the ability to stand and stretch for approximately one minute every hour, after which she would sit back down at her workstation. Postural activities are limited to occasional except that the claimant cannot climb ladders, ropes, or scaffolds or crawl. In addition, the claimant would need to avoid concentrated exposure to extreme temperatures and industrial vibrations and all exposure to hazards.

Tr. 23. The ALJ identified Plaintiff's past relevant work as housekeeping cleaner and found that she could not perform this past relevant work. Tr. 29.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of

the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of call-out operator, ticket seller, and sewing machine operator. Tr. 29-30. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from August 26, 2015, through the date of the ALJ's decision. Tr. 30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by failing to properly weigh Plaintiff's symptom statements and failing to properly weigh the medical opinions in the record. ECF No. 13. Additionally, Plaintiff argues that these errors are harmful and prays that the Court remand the matter for an immediate award of benefits. *Id*.

## DISCUSSION

### 1. Plaintiff's Symptom Statements

Plaintiff challenges the ALJ's rejection of her symptom statements. ECF No. 13 at 14-16.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 24. Specifically, the ALJ found

that (1) "the objective medical evidence generally does not support the degree of limitations alleged by the claimant"; (2) the "minimal/conservative treatment during the period at issue and that the claimant appears to have responded favorably to such treatment" was inconsistent with her alleged severity of symptoms; (3) Plaintiff made inconsistent statements regarding her symptoms; and (4) Plaintiff's limited earnings history "demonstrates a lack of motivation or desire to work.". Tr. 24-27.

### A. Objective Medical Evidence

The ALJ's first reason for rejecting Plaintiff's symptom statements, that they were not supported by the objective medical evidence, is specific, clear and convincing.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). While it is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," it cannot serve as the sole reason for rejecting a claimant's symptom statements. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); s*ee also Lester*, 81 F.3d at 834 (an ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence).

Here, the ALJ provided multiple examples of how the objective medical evidence did not support Plaintiff's alleged severity of symptoms. Tr. 25 (the ALJ found that while Plaintiff complained of worse symptoms on the left side, the objective evidence demonstrated weakness and foot drop only being present on the right side); Tr. 26 (the ALJ noted that electromyographic testing was non-definitive as to the existence of radiculopathy and this was inconsistent with Plaintiff's allegation of being unable to engage in any work activity whatsoever); Tr. 26 (imaging of Plaintiff's sacroiliac joints in February of 2017 was normal despite her complaints of pain in these joints).

Plaintiff did not challenge the ALJ's examples of how the objective medical evidence did not support Plaintiff's symptom statements. Instead, she only asserted that the Ninth Circuit precluded an ALJ from rejecting a claimant's testimony because it was not supported by the objective medical evidence and cited three Ninth Circuit cases as support for her position. ECF No. 13 at 15. However, Plaintiff failed to recognize that these cases highlighted that a claimant's symptom complaints could not be rejected solely because the statements were not supported by objective medical evidence. *See Robbins v. Soc. Sec. Admin*, 466 F.3d 880, 883 (9th Cir. 2006) ("While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence."); *Oretza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citations omitted) ("the ALJ may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence."); *Cotton v. Bowen*, 799 F.2d, 1403, 1407 (9th Cir. 1986) ("is improper as a matter of law for an ALJ to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings.)[2].

Because the ALJ provided specific testimony that was undermined by specific objective medical evidence and provided other legally sufficient reasons for rejecting Plaintiff's symptoms statements, *see infra*, this reason meets the specific, clear and convincing standard.

**B.  Minimal/Conservative Treatment**

The ALJ's second reason for rejecting Plaintiff's symptom statements, that

---

[2] While the standard set forth in *Cotton* was overruled in *Burnnell v. Sullivan*, 912 F.2d 1149, 1153-54 (9th Cir. 1990), a rehearing en banc by the 9th Cir. established this to be the proper standard. *Bunnell v. Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991).

ORDER GRANTING DEFENDANT'S MOTION - 7

the alleged severity was inconsistent with the minimal/conservative treatment and the positive results of that conservative treatment, is specific, clear and convincing.

Conservative treatment can be "sufficient to discount a claimant's testimony regarding [the] severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Here, the ALJ noted that despite Plaintiff's complaints to providers, she was consistently prescribed conservative treatment including ice, anti-inflammatory medication, physical therapy, and possible injections. Tr. 25 *citing* Tr. 315-16. Additionally, the ALJ noted that records showed Plaintiff had relief with this treatment, stating she was doing well with her home exercises and feeling well until about 2 pm. Tr. 25 *citing* Tr. 356. Based on these records, the ALJ concluded that "during the early part of the period at issue, indications are that her symptoms were only intermittent in nature and not as severe as alleged by her hearing testimony." Tr. 25. The ALJ also relied upon the conservative treatment recommended by specialist Christopher P. Hofstetter, M.D. in November of 2015. Tr. 26 *citing* Tr. 331 (stating Plaintiff may benefit from a low dose of nonsteroidal anti-inflammatory drugs and encouraged Plaintiff to pursue physical therapy).

Plaintiff argues that she "cannot be discredited for failing to pursue non-conservative treatment options where none exist." ECF No. 13 at 16 (quoting *Lapeirre-Gutt v. Astrue*, 832 Fed. Appx. 662, 664 (9th Cir. 2010)). However, the ALJ's rationale exceeds a simple finding that she failed to seek more aggressive treatment. Instead, the ALJ found that Plaintiff's providers only prescribed conservative treatment, and Plaintiff reported relief with this conservative treatment. Tr. 25-26. Therefore, Plaintiff's reliance on *Lapeirre-Gutt*, is unpersuasive in this case.

### C. Inconsistent Statements

The ALJ's third reason for rejecting Plaintiff's symptom statements, that she made inconsistent statements regarding her alleged symptoms, is specific, clear and convincing.

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements . . . and other testimony by the claimant that appears less than candid." *Smolen*, 80 F.3d at 1284.

Here, the ALJ noted that Plaintiff made inconsistent statements regarding her symptoms to her providers. Specifically, the ALJ found that in September of 2016 Plaintiff reported that she was managing well with her conservative treatment after completing her physical therapy. Tr. 26 *citing* Tr. 449. She then found that this was inconsistent with Plaintiff's April 2017 statement that Plaintiff had not experienced improvement in her symptoms with her conservative treatment. Tr. 26 *citing* Tr. 444.

Plaintiff failed to challenge this reason. ECF No. 13 at 14-16. Therefore, the Court is not required to address these reasons. *See Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[3] Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the Court will not disturb the ALJ's determination regarding Plaintiff's symptom statements.

### D. Limited Work History

The ALJ's fourth reason for rejecting Plaintiff's symptom statements, that her limited work history demonstrated a lack of motivation to work, is specific, clear and convincing.

The Ninth Circuit has held that an ALJ's finding that a claimant had limited work history and "ha[d] shown little propensity to work in her lifetime" was a specific, clear, and convincing reason for discounting the claimant's testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ found that Plaintiff's "earning record shows no work activity since 2003 and no work at the level of substantial gainful activity since 2001." Tr. 27 (citing Tr. 179-83, 185-86, 188-91). Plaintiff failed to challenge this reason in her briefing. ECF Nos. 13, 16. Therefore, the Court will not disturb the ALJ's determination regarding Plaintiff's symptom statements. *See Carmickle*, 533 F.3d at 1163; *Batson*, 359 F.3d at 1197.

### 2. Medical Opinions

Plaintiff argues that the ALJ failed to properly consider and weigh the medical opinions. ECF No. 13 at 17-18. However, Plaintiff's argument consists of an assertion that the ALJ based the unfavorable decision on the opinions of non-

---

[3]Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

examining non-treating doctors, a recitation of caselaw, and the following paragraph:

> Since the treating and examining physicians' opinions were not contradicted there were no clear and convincing reasons to disregard their opinions, the hypothetical question given to the VE should have included the findings of the doctors that have actually treated and examined [Plaintiff]; this includes Jlyn Pritchard, MD and Lesley Morical, ND. The treatment records support [Plaintiff]'s testimony that she suffers from severe disabling pain with significant daily limitations on activities.

*Id*.

First, the initial part of the above paragraph, "[s]ince the treating and examining physicians' opinions were not contradicted there were no clear and convincing reasons to disregard their opinions," misstates the Ninth Circuit standard. The correct standard is set forth in *Lester*: If the opinion of a treating or examining physician is uncontradicted, the ALJ is required to provide clear and convincing reasons to reject the opinion. 81 F.3d at 830-31.

Second, an ALJ is not required to provide an explanation for accepting an opinion but must provide an explanation for rejecting an opinion. S.S.R. 96-8p ("The [residual functional capacity] assessment must always consider and address medical source opinions. If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Plaintiff failed to challenge the reasons the ALJ provided for rejecting the opinions of Dr. Pritchard and Dr. Morical.

Without a specific argument addressing the ALJ's reasons for rejecting a provider's opinion, the Court will not disturb the ALJ's treatment of the medical opinions. *See Carmickle*, 533 F.3d at 1161 n.2. Because Plaintiff failed to provide adequate briefing, the court declines to consider this issue.

///

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED August 6, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE